Commonwealth *v.* Trapp, Appellant.

Submitted March 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Anthony S. Blasco,* for appellant.

*Nicholas M. Zanakos,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 22, 1971:

Samuel Trapp was tried and convicted of burglary, larceny and receiving stolen goods in connection with a burglary committed at the North End Republican Club, Bethlehem, Pennsylvania. He was at the same time tried but found not guilty of, burglary, larceny and receiving stolen goods in connection with a burglary committed at the home of one Herman Friedman, Bethlehem, Pennsylvania.

Trapp filed a motion in arrest of judgment and for a new trial with respect to the guilty verdict, which motions were denied by the court below. He was sentenced to not less than five years and not more than ten years' imprisonment. This appeal followed.

It is appellant's contention that he is entitled to a new trial because the District Attorney failed to supply all the information requested *in a co-defendant's* application for particulars, which information the court below had ordered be supplied. It is a sufficient answer to this contention merely to note that the obligation of the District Attorney to supply the information was to the co-defendant who had, in his own behalf, petitioned for such information. Appellant was not a party to that request and the order of court compelling the District Attorney to answer the co-defendant's request for particulars specifically stated that the District Attorney was to provide "the defendant Edward Sthrol with a bill of particulars". The appellant did not make any application for particulars and in the absence of such request we cannot hold that the District Attorney had violated any of appellant's rights in failing to submit to him information in his possession. See *Commonwealth v. Neill,* 362 Pa. 507 (1949) at page 515.

Appellant also contends that the court below committed error in permitting a witness to testify as to co-defendants' statements implicating appellant since those statements were not made in the presence of the appellant. A reading of the record reveals, however, that those statements had reference to appellant's participation in the Friedman robbery, of which appellant was acquitted. Since the jury did not find the appellant guilty of the burglary to which the witnesses' testimony related, it would be illogical to find that the jury may have been influenced by this testimony in finding him guilty of the burglary to which the testimony had no relation.

Appellant next complains that the evidence adduced by the Commonwealth was not sufficient to support the verdict of guilty. However, a reading of the transcript of the testimony reveals the evidence to be more than sufficient to support the jury's finding of guilt with respect to the Republican Club burglary and the other charges arising therefrom.

We necessarily conclude, therefore, that the court below properly refused appellant's motion for new trial and in arrest of judgment.

The judgment of conviction and sentence at No. 10 November Term, 1968 is affirmed.

MONTGOMERY and HOFFMAN, JJ., would grant a new trial and therefore dissent.